IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| PUBLISH AMERICA, LLLP, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | CASE NO. 3:10-cv-00108 |
| | ) | |
| vs. | ) | JUDGE NIXON |
| | ) | |
| LIGHTNING SOURCE INC., | ) | MAGISTRATE JUDGE BRYANT |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | JURY DEMAND |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to LR 16.01(d), the following Initial Case Management Plan is adopted.

**I.    Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C § 1332 based upon the fact that the controversy exceeds $75000.00, and there is diversity of citizenship between the parties.

**II.    Plaintiff's Theory of the Case**

   **1.    Plaintiff/Counter-Defendant's Theory of the Case:**

        a.    Accepting Returns of Non-Returnable Books.

PA and LSI entered into a "Print on Demand Agreement" (the "Agreement"). Pursuant to the Agreement, LSI was obligated to print copies of books published by PA in response to orders placed either directly by PA ("Publisher Direct Orders") or by LSI's customers ("Wholesale Orders"). For Publisher Direct Orders, PA was obligated to pay LSI a "print charge" according to a fee schedule. For Wholesale Orders, e.g. those placed to LSI by retailers or distributors, LSI purchased copies of PA's books (after it printed them) at the "wholesale price" set by PA minus the "print charge" and

then resold them to its customers. According to the Agreement, only Wholesale Orders were returnable and only then if PA had first designated the specific title as returnable.

LSI, however, did not comply with this limitation on returnability. Not only did it accept returns of wholesale orders designated as returnable by PA, but it accepted returns of Publisher Direct Orders from its customers and charged PA a fee for those returns even though those books were not returnable. Similarly, it wrongfully accepted returns of books printed by PA and charged PA for those returns. In fact, LSI induced PA to enter into the Agreement by promising to only accept returns of Wholesale Orders, knowing that this representation was false.

    **b.** Inappropriate Return Charges.

Pursuant to the parties' agreement, LSI was required to destroy any returned books it received unless PA elected to have those books reshipped to it. In that event, LSI was obligated to forward the returns to PA in exchange for a $2.00 charge per book. However, LSI breached this obligation. After PA elected to have most returns reshipped to it, LSI continued to destroy those designated returns, sending PA reprinted replacement copies instead. PA never would have elected to have these returns shipped (and thus would have avoided the $2.00 charge for all shipped returns) if it had not been induced by LSI into believing that LSI was going to ship the actual returns as opposed to replacement copies.

    **c.** Failure to Implement Price Changes

Pursuant to the Agreement, LSI was obligated to change the price set by PA for its Books. Nevertheless, LSI did not fully comply with PA's requests to implement price changes in breach of the Agreement.

### III. Theory of the Case of Defendant/Counter-Plaintiff Lightning Source Inc. (LSI)

PA designated certain book titles for which LSI provided wholesale services as returnable, and LSI handled returns of the designated titles and charged PA for those returns in accordance with the parties' Print On Demand Agreement (and the Operating Manual, which was incorporated therein) (the "Agreement"). For example, PA agreed that if LSI was a bookseller's vendor of record for a title designated by PA as returnable, PA would accept all of the bookseller's returns of that title directly from LSI in accordance with LSI's returns policy. Thus, PA was obligated to accept (and to pay the applicable charges for) all returns of such titles regardless of whether LSI originally distributed the books in question. Further, under the parties' Agreement, LSI agreed that if PA designated the "Yes-Deliver" return option, PA would receive a physical copy of the book upon the title being returned. In 2009, PA made the "Yes-Deliver" return designation as to titles included in the print on demand program, and LSI began printing and shipping to PA a physical copy of each such title that was returned in compliance with LSI's obligations.

The sales compensation reports that LSI sent to PA accurately reflected the appropriate charges for returns. As to the copies of the titles that were shipped back to PA under the "Yes-Deliver" returns designation, PA was properly charged $2 for each copy and an amount equal to the wholesale cost of the title. In regard to the latter, LSI timely implemented any wholesale price changes requested by PA, and PA was thereafter charged the correct wholesale cost for returns in accordance with the changes.

Accordingly, LSI did not breach the Agreement. It also did not make any of the misrepresentations to PA alleged in the Complaint. Finally, the outstanding account balance stated in LSI's records accurately reflects the appropriate credits and charges to PA's account.

**IV. Identification of the issues:**

Issues Resolved: Jurisdiction and Venue.

Issues in Dispute: Liability and damages.

**V. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

None anticipated at this time.

**VI. Initial Disclosures and Staging of Discovery:**

a. The parties shall provide Initial Disclosures pursuant to F.R.C.P. 26(a)(1) by April 15, 2010.

b. **Discovery:**

The parties shall complete all written discovery and depose all fact witnesses by October 15, 2010. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

c. **Expert Disclosure and Depositions:**

1. Plaintiff shall identify and disclose all expert witness reports by November 15, 2010.

2. Defendant shall identify and disclose all expert witness reports by December 15, 2010.

3. In the event Plaintiff does not identify and disclose any expert witness reports

by November 15, 2010 then Plaintiff shall have 30 days from the date of Defendant's disclosures to identify any rebuttal witnesses.

    4. All depositions of experts shall be completed by March 15, 2011.

## VII. Dispositive Motions:

The parties shall file all dispositive motions by April 30, 2011. Responses to dispositive motions shall be filed by May 28, 2011. Optional replies shall be filed by June 7, 2011. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and response memoranda are limited to twenty-five (25) pages and the reply, if a reply is filed, is limited to five (5) pages, absent Court permission for longer pleading.

## VIII. Other deadlines:

All Motions to Amend shall be filed by July 15, 2010.

## IX. Subsequent case management conferences:

A subsequent case management conference is scheduled for September 15, 2010, at 10:00 a.m. This case management conference shall be conducted by telephone with Plaintiff initiating the call.

## X. Electronic Discovery:

The parties have reached an agreement on how to conduct Electronic Discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

## XI. Alternate Dispute Resolution:

The parties will address whether to engage in Alternative Dispute Resolution upon the completion of discovery.

**XII. Trial date:**

Jury trial is set to begin on September 20, 2011, at 9:00 a.m., before Senior Judge Nixon. A pretrial conference shall be held on September 9, 2011, at 10:00 a.m. Judge Nixon will issue a separate order setting forth his requirements for both the trial and pretrial conference. Trial is expected to last 5 days.

It is so ORDERED.

          *s/ John S. Bryant*
          JOHN S. BRYANT
          United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ Raymond S. Leathers
Raymond S. Leathers, (TN Bar No. 9532)
Howard, Tate, Sowell, Wilson, Leathers & Johnson, PLLC
150 Second Avenue North, Suite 201
Nashville, TN 37201
Tel: (615) 265-1125
Fax: (615) 244-5467
Email: rsleathers@howardtatelaw.com
*Attorneys for the Plaintiff*
*Publish America LLLP*


/s/ George H. Cate, III
George H. Cate, III, No. 12595
Neal & Harwell, PLC
150 Fourth Avenue, North
Nashville, TN 37219
Tel: (615) 244-1713
Fax: (615) 726-0573
Email: gcate@neilharwell.com
*Attorneys for the Defendant*
*Lightning Source, Inc.*